**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SHMUEL ERDE,<br><br>     Debtor.<br><br>------------------------------<br><br>SHMUEL ERDE,<br><br>     Appellant,<br><br> v.<br><br>CAROLYN A. DYE,<br><br>     Appellee. | No. 19-60039<br><br>BAP No. 18-1321<br><br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty, and Spraker, Bankruptcy Judges

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Chapter 11 debtor Shmuel Erde appeals pro se from the Bankruptcy

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's decision affirming the bankruptcy court's orders dismissing Erde's adversary proceeding against Carolyn Dye, and imposing a pre-filing restriction on Erde as a vexatious litigant. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court properly dismissed Erde's adversary proceeding against Dye because Dye is entitled to absolute quasi-judicial immunity. *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971-72 (9th Cir. 2005) (explaining that 28 U.S.C. § 959(a) "does not apply to suits against trustees for administering or liquidating the bankruptcy estate"); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390-91, 1394 (9th Cir. 1987) (bankruptcy trustee has absolute quasi-judicial immunity from damages for acts or omissions within the ambit of the trustee's official duties; quasi-judicial immunity available to federal officers extends to actions for declaratory, injunctive, and other equitable relief). We reject as without merit Erde's contentions that Dye or the bankruptcy court acted in the absence of jurisdiction.

The bankruptcy court did not abuse its discretion by declaring Erde a vexatious litigant after providing notice and an opportunity to be heard, developing an adequate record for review, making substantive findings as to the frivolous or

19-60039

harassing nature of Erde's litigation history, and narrowly tailoring its prohibition on future filings to those in bankruptcy court against Dye. *See Ringgold–Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-67 (9th Cir. 2014) (setting forth standard of review and procedural and substantive standards for a federal pre-filing order based on a vexatious litigant determination).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Erde's petition for initial determination en banc (Docket Entry No. 35) is denied as untimely. *See* Fed. R. App. P. 35(c).

All other pending motions and requests, including Erde's request for publication set forth in the reply brief, are denied.

**AFFIRMED.**

19-60039